1  WILLIAM R. TAMAYO - #084965 (CA)
   JONATHAN T. PECK - #12303 (VA)
2  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   San Francisco District Office
3  350 The Embarcadero, Suite 500
   San Francisco, California 94105-1260
4  Telephone No. (415) 625-5646
   Facsimile No.  (415) 625-5657
5
6  Attorneys for Plaintiff

7  Robert L. Rediger, Esq., -#109392
   Jennifer L. Lipp, # 2216831
8  Rediger, McHugh & Hubbert, LLP
   555 Capitol Mall, Suite 1540
9  Sacramento, CA 95814
   Telephone No., (916) 442-0633
10 Facsimile No., (916) 399-4890

11 Attorneys for Defendant

12                   UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA
14

15 
   EQUAL EMPLOYMENT OPPORTUNITY )
16 COMMISSION,                  )        CIVIL ACTION NO. C-05-00138 JL
                                )
17         Plaintiff,            )
                                )
18 v.                           )        STIPULATION FOR DISMISSAL WITH
                                )        PREJUDICE AND FOR RETENTION OF
19 WESTERN SHOWER DOOR, INC.,   )        JURISDICTION BY THE COURT AND
                                )        ORDER
20                              )
           Defendant.            )
21                              )
   _____)
22

23     Plaintiff Equal Employment Opportunity Commission and Defendant, Western Shower
   Door, Inc., (Western) and through their undersigned counsel, hereby stipulate to dismissal with
24
   prejudice of all claims against Western.  There are no remaining issues or parties in this action.
25
       Pursuant to Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375-381-82 (1994)
26
   and Flanagan v. Arnaiz, 143 F.3d 540, 543-44 (9th Cir. 1998), the parties further stipulate that
27
   STIPULATION & ORDER OF DISMISSAL
28 C-05-00138 JL

this Court shall retain jurisdiction of this action for the purposes of resolving any disputes that may arise in the future regarding the parties' Settlement Agreement, attached hereto as Exhibit A to this Stipulation. The parties further agree that the Court's jurisdiction over this matter shall automatically expire on January 31, 2006, the date by which the W-2 Form shall be provided to Ms. Ayon.

This stipulation is based on Rule 41(a)(l)(ii) of the Federal Rules of Civil Procedure and has been signed by counsel for all parties. The EEOC and Western agree to bear their own attorney fees and costs.

On behalf of Plaintiff, EEOC

On behalf of Defendant, Western

_____
WILLIAM R. TAMAYO
Regional Attorney

_____
ROBERT L. REDIGER
JENNIFER L. LIPPI
REDIGER, MCHUGH & HUBBERT, LLP

_____
JONATHAN T. PECK
Supervisory Trial Attorney

APPROVED AND SO ORDERED:

DATED: 8/16/05        _____
                      U.S. District Judge



IT IS SO ORDERED
Judge James Larson

STIPULATION & ORDER OF DISMISSAL
C-05-00138 JL

# SETTLEMENT AGREEMENT BETWEEN
# THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
# WESTERN SHOWER DOOR

The parties to this Agreement are the United States Equal Employment Opportunity Commission and Western Shower Door, Inc. The United States Equal Employment Opportunity Commission is referred to hereinafter a EEOC. Western Shower Door, Inc., its agents, employees, officials, designees, and successors in interest, is referred to hereinafter as Western. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., is referred to hereinafter as Title VII.

The parties being aware of the risks, uncertainties and costs of continued litigation want to conclude fully and finally all claims arising out of <u>EEOC v. Western Shower Door, Inc.</u>, No. C 05-00139- JL, U.S. District Court for the Northern District of California without the expenditure of further resources and expenses in contested litigation. This Settlement Agreement is intended to and does fully and finally resolve any and all claims arising out of the Complaint filed by the EEOC.

The parties hereby agree as follows:

1.  This matter arises from a charge of discrimination filed by Miracle Ayon with EEOC, Charge No. 37A-2003-00215. The EEOC issued a determination letter finding reasonable cause to believe that Ms. Ayon was discriminated against on the basis of sex. Conciliation failed and the EEOC filed this action pursuant to Section 706(f)(1) of Title VII, 42 U.S. § 2000e-5(f)(l).

2.  Title VII applies to Western because it is an employer within the meaning of 42 U.S.C. § 20000e(b).

3.  The Equal Employment Opportunity Commission has authority to file suit on EEOC charge number 37A-2003-00215 under Title VII, 42 U.S.C. 2000e-5 (f)(l). The EEOC has authority to issue a determination on EEOC charge number 37A-2003-00215 under Title VII, 42 U.S.C. § 2000e, et seq.

4.  Western has denied and continues to deny all allegations of wrongdoing in the charge of discrimination and the EEOC's lawsuit.

5.  This Agreement is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by Defendant.

6. EEOC and Western agree to bear their own attorneys fees and costs

7. <u>Monetary Relief</u>

   (a) In Settlement of EEOC's claims of sex discrimination alleged in the Complaint, Western agrees to pay the gross sum of $ 8,000. (Settlement Sum).

   (b) Payment to Ms. Ayon shall be made no later than 30 days after execution of this Settlement Agreement and Western's receipt of Ms. Ayon's executed release. The monetary amount shall be issued in a check, less deductions required by law, and delivered to the EEOC for transmittal to her. Western will also issue an IRS Form W-2 to Ms. Ayon in January 2006 at the following address: 884 Mulberry, Parlier, CA. 93648.

      i. Western will mail the individual check, referenced above, Jonathan T. Peck, Supervisory Trial Attorney for the EEOC, at 350 The Embarcadero, San Francisco, California 94105 for delivery to Ms. Ayon.

8. <u>Other Provisions</u>

   (a) <u>Discriminatory Harassment</u>. Consistent with Section 703 of Title VII, 42 U.S.C. §2000e-2, Western, its officers, agents, managers (including supervisory employees), successors and assigns, and all those in active concert or participation with them, will make every reasonable effort to comply with all requirements of Title VII with respect to providing a work environment free from discrimination and harassment on the basis of sex, and free from any actions, policy or practice that is intended to or known to them to have the effect of harassing or intimidating any employees on the basis of sex, or creating, facilitating or permitting the existence of a work environment that is hostile to employees based on sex.

   (b) <u>Retaliation</u>. Consistent with Section 704 of Title VII, 42 U.S.C. §2000e-3, Western, its officers, agents, managers (including supervisory employees), successors or assigns, and all those in active concert or participation with them, agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any person who was identified as a possible claimant or witness in this action because they opposed any practice of harassment or other discriminatory acts on the basis of sex made unlawful under Title VII; filed a Charge of Discrimination alleging any such practice; or testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Western, proceeding or hearing in

connection with this case.

(c) <u>Training</u>. Western has ensured that all of its employees at the Fowler location receive at least two hours of training regarding sex harassment on April 13, 2005. The cost of the training has been borne by Western.

(d) <u>Reporting</u>. Within 30 days of execution of this agreement, Western will forward to the EEOC a statement verifying completion of the training, including providing copies of all materials distributed to the employees at the training, an outline or syllabus of the content of the training, and a list of all store employees who attended the training.

9. <u>Retention of Court Jurisdiction and Expiration of Settlement Agreement</u>

(a) This Settlement Agreement shall terminate upon the completion of Western sending the IRS Form W-2, as provided in section 7, above. If the EEOC determines that Western has not complied with the provision of section 7, above, the EEOC will provide written notification of the alleged breach to Western and will not petition the court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue..

(b) U.S. District Judge Larson shall retain jurisdiction over this action for the purpose of enforcing the provisions of this Settlement Agreement pursuant to <u>Kokkenen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 381-82 (1994) and <u>Flanagan v. Arnaiz</u>, 143 F.3d 540, 543-44 (9th Cir. 1998) as discussed in th Stipulation and Order of Dismissal.

10. <u>Effective Date</u>

This effective date of this Agreement is the date of the last signature below.

DATED: _Aug. 12, 2005_  _Jonathan T. Peck for_

WILLIAM R. TAMAYO
Regional Attorney

DATED: Aug. 12, 2005

JONATHAN T. PECK
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DATED: August 15, 2005

JENNIFER L. LIPPI
REDIGER, McHUGH & HUBBERT, LLP

WESTERN SHOWER DOOR, INC.